UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
QUAHSYM S. PARKER,

             Plaintiff,                           13-CV-3151 (NSR)

-against-

                                     MEMORANDUM OPINION
DAREN CUMMINGS, RYAN ANGIOLETTI,       AND ORDER
and TYLAR WYMAN,

             Defendants.
----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Quahsym S. Parker ("Plaintiff") commenced the instant action against members of the Dutchess County Drug Task Force ("Task Force")—Ryan Angioletti ("Angioletti"), Tylar Wyman ("Wyman"), Daren Cummings ("Cummings"), Richard Sassi ("Sassi"), Frank Tasciotti ("Tasciotti"), James Enkler ("Enkler"), Agent Quiepo ("Quiepo"), and Agent Chorba ("Chorba") (collectively "Task Force Officers")—seeking monetary damages, declaratory relief and sanctions for alleged violations of Plaintiff's Fourth Amendment rights, pursuant to 42 U.S.C. § 1983 ("§ 1983"). Specifically, Plaintiff alleges that they arrested him without probable cause or any justification, or failed to intervene to prevent this violation of his constitutional rights.[1]

      Defendants Wyman, Cummings, Tasciotti, and Enkler[2] now move pursuant to Rule 12(b)(6) to dismiss the claims against them for failure to state a claim upon which relief may be granted. They assert Plaintiff's claim is barred by his guilty plea to a lesser included offense of

---

[1] In his Amended Complaint ("AC"), Plaintiff names only Angioletti, Wyman, and Cummings on the caption. Only those three defendants were served with process. However, Plaintiff also lists Sassi as a defendant to be served, (AC ¶ I.B.), and includes allegations against Sassi, Tasciotti, Enkler, Quiepo, and Chorba within the body of the AC, (AC ¶ II.D.). Interpreting the pleadings liberally in favor of this *pro se* plaintiff, the Court construes the AC to be asserted against all eight Task Force Officers.

[2] David L. Posner, Esq., who filed the instant motion, entered appearances on behalf of Angioletti, Wyman, and Cummings on October 16, 2013, and on behalf of Enkler on November 25, 2013. Interestingly, Mr. Posner has filed the motion on behalf of Wyman, Cummings, Enkler, and Tasciotti (for whom he has not entered an appearance).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/30/2014

attempted criminal possession of a weapon in the second degree, which plea establishes probable cause.  For the following reasons, the motion to dismiss is granted.

## I. FACTUAL BACKGROUND[3]

Plaintiff and his residence—located at 134 Morgan Court, Apartment A, Poughkeepsie, New York—were the subjects of a search warrant related to a drug investigation conducted jointly by the Task Force and the Poughkeepsie Police Department.  On June 20, 2012, the Task Force Officers searched Plaintiff's residence, wherein they discovered narcotics and a firearm.  They proceeded to arrest Plaintiff at a gas station convenience store.  Allegedly, Angioletti informed Plaintiff he was under arrest and Cummings placed Plaintiff in handcuffs.  Angioletti, Cummings, Wyman, and Sassi then allegedly questioned Plaintiff concerning his acquaintances and the location of narcotics.  Angioletti, Cummings, Wyman, and Sassi searched Plaintiff's person, finding a green leafy substance, but did not charge Plaintiff for possessing it.  The other Task Force Officers allegedly failed to ensure Plaintiff was not improperly arrested.

On August 28, 2012, Plaintiff subsequently indicted by a grand jury in the County Court, County of Dutchess ("Dutchess County Court"), on nine counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a weapon in the second degree, and one count of criminal possession of a controlled substance in the seventh degree.  On February 28, 2013, Plaintiff pleaded guilty to a lesser included offense of attempted criminal possession of a weapon in the second degree, in satisfaction of the indictment.  On June 11, 2013, the Dutchess County Court sentenced Plaintiff to a determinate term of five (5) years' imprisonment and two and a half (2½) years' post-release supervision.

---

[3] The following facts are taken from allegations in the AC and from matters of which judicial notice may be taken.  *See* Fed. R. Evid. 201.

**II. MOTION TO DISMISS STANDARD**

On a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 556. The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Betts v. Sherman*, No. 12 Civ. 3195 (JPO), 2013 U.S. Dist. LEXIS 11139, at *6 (S.D.N.Y. Jan. 24, 2013) (citing *Twombly*, 550 U.S. at 572; *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007); *cf. Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008). Labels or a recitation of the elements of a cause of action supported merely by conclusory statements will not suffice. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). However, "legal conclusions can provide the framework of a complaint" so long as they are "supported by factual allegations." *Iqbal*, 556 U.S. at 679; *accord Liddle v. Garret*, 720 F. Supp. 2d 417, 421 (S.D.N.Y. 2010). "Facial plausibility does not impose a probability requirement at the pleading stage." *Twombly*, 550 U.S. at 556.

In deciding a motion to dismiss, a district court may consider documents attached as an exhibit to or incorporated by reference in the complaint, and matters of which judicial notice may be taken. *Roe v. Johnson*, 334 F. Supp. 2d 415, 419-420 (S.D.N.Y. 2004); *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d. 273, 275 (S.D.N.Y. 2002); *cf. Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 223 (S.D.N.Y. 2013) (citing *Halebian v. Berv*, 644 F.3d 122,

3

131 n.7 (2d Cir. 2011); *Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 234 (2d Cir. 2008)).

A district court may take judicial notice of matters of public record pursuant to Rule 201(b) of the Federal Rules of Evidence.  *Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005); *Roe*, 334 F. Supp. 2d at 420; *Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 696 (S.D.N.Y. 2002).

**III. 42 U.S.C. § 1983 FALSE ARREST**

Plaintiff asserts his false arrest claim under § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Plaintiff alleges that because there was neither a warrant for his arrest nor any illegal contraband found on his person, there was no probable cause or justification for his arrest. Thus, Plaintiff asserts, without probable cause his arrest violated his Fourth Amendment rights. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.  "In analyzing § 1983 claims for unconstitutional false arrest, [the Second Circuit has] generally looked to the law of the state in which the arrest occurred." *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006); *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) ("'A § 1983 claim for false arrest . . . is substantially the same as a claim for false arrest under New York law.'" (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996))). Under New York Law, a plaintiff "must show: (1) the defendant intended to confine the plaintiff,

4

(2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Bernard v. United State*, 25 F.3d 98, 102 (2d Cir. 1994).

"Probable cause 'is a complete defense to an action for false arrest' brought under New York law or § 1983." *Ackerson*, 702 F.3d at 19 (quoting *Weyant*, 101 F.3d at 852). "Probable cause to arrest exists when the officers have . . . reasonably trustworthy information as to[] facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been . . . committed by the person to be arrested." *Id.* (quoting *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007)). A conviction or guilty plea conclusively establishes that probable cause existed and bars a § 1983 claim for false arrest, *see Cameron v. Fogarty*, 806 F.2d 380, 386 (2d Cir. 1986) ("[A] conviction of the plaintiff following the arrest is viewed as establishing the existence of probable cause." (citing *Broughton v. New York*, 37 N.Y.2d 451, 458 (1975))); *Weyant*, 101 F.3d at 852, even if the conviction or plea is to a lesser charge, *see Rodriguez v. Vill. of Ossining*, 918 F. Supp. 2d 230, 241 (S.D.N.Y. 2013).

Defendants proffer the transcript of Plaintiff's plea allocation before the Dutchess County Court and the sentencing disposition for the indictment. These documents in the public record demonstrate that Plaintiff pleaded and was adjudicated guilty before a court to the lesser included charge of attempted criminal possession of a weapon in the second degree in satisfaction of the indictment filed in connection with his arrest on June 20, 2012. In his opposition, Plaintiff asserts that his guilty plea was forced. However, a review of the plea allocation transcript demonstrates that he voluntarily pleaded guilty. The transcript also demonstrates that he was not "threatened, coerced, forced or pressured by anybody into pleading guilty." (Defs.' Ex. D, Plea Allocation Script 23:12-15.) The Court may take judicial notice of this transcript and the

sentencing disposition because they are matters of public record. *Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005); *Roe v. Johnson*, 334 F. Supp. 2d 415, 419-420 (S.D.N.Y. 2004). Thus, Plaintiff's guilty plea precludes him from arguing he was unlawfully seized under the Fourth Amendment. Accordingly, the motion to dismiss must be granted.[4]

## IV. CONCLUSION

For the reasons stated above, the motion to dismiss is GRANTED. The Clerk of Court is respectfully requested to terminate the motion (Doc. 23) and close the case.

Dated: June 30th, 2014
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

[4] The AC must be dismissed as against Angioletti, despite his not being included in the instant motion, because it fails to state a claim for false arrest. 28 U.S.C. § 1915(e)(2)(B)(ii) (where a plaintiff is granted *in forma pauperis* status, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ."). Likewise, to the extent the AC may be read as naming Sassi, Tasciotti, Enkler, Quiepo, and Chorba, who are alleged to have taken part in Plaintiff's arrest, the false arrest claim must also be dismissed as against them. *Id.*